UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANCIS E. SWEENEY, III, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:05CV00580(PCD) |
| | : | |
| DARLENE DUNBAR, et al., | : | |
| Defendants. | : | |

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS**

On October 14, 2006, Defendants Darlene Dunbar, Tiffany Salkeld, Gail Bakluski, Orlando Cuadrado, and James R. Moore moved pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and 28 U.S.C. § 1915(e)(2) to dismiss all counts against them in the Amended Complaint. [Doc. No. 42.] Because Defendants' Motion to Dismiss references and incorporates the record of proceedings before the State of Connecticut Superior Court for Juvenile Matters, which Defendants had filed under seal with this Court on October 18, 2006 [Doc. No. 39], the Court issued an order stating that this motion would be treated as a Motion for Summary Judgment per Rule 12(b). [Doc. No. 49.] Plaintiff was given the opportunity to file any further material considered relevant and/or responsive to what Defendants had submitted, but he opted not to do so. For the reasons stated below, Defendants' motion is **granted.**

**I. BACKGROUND**

Custom, the law, and the courts have accorded parents substantial leeway in their custody, care, control, and obligation to support their minor children. Stanley v. Illinois, 405 U.S. 645, 651 (1972). Nonetheless, parental abuse of this privilege has occurred with such frequency and severity, resulting in deprivation, injury, and death, to cause states to adopt procedures that permit appropriate and lawful intervention on children's behalf. See CONN. GEN. STAT. § 17a-

101(a) et seq.; 42 U.S.C. §§ 5101 et seq.; Duchesne v. Sugarman, 566 F.2d 817, 826 (2d. Cir. 1977). This case arises from such an intervention, regarding which Francis E. Sweeney, asserts violations of the law and seeks redress. Contrary to his impression, as articulated in his complaint and memoranda on file, the law is complex, yet he ventures into litigation with the seeming view that he need only assert the violation of his rights, and incidentally here, those also of his son. As a pro se plaintiff he is accorded a degree of deference due to his lack of familiarity with the law and court proceedings, Haines v. Kerner, 404 U.S. 519 (1972), and Plaintiff's amended complaint will be scrutinized with that concession in mind. Based on the consent of the parties and the recommendation of Parajudicial Officer Igor Sikorski, the Court ordered Plaintiff to amend his complaint to plead recognizable causes of action in a valid, legally sufficient form. Except for a minor addition, the amended complaint repeated the original complaint. No actual damages or injuries to Plaintiff or to his son are alleged. A pro se plaintiff is not afforded carte blanche freedom from court pleading rules.

Plaintiff sues not only in his own right but belatedly characterizes the claim as next friend, ppa, for his minor son who cannot be a plaintiff and represent himself. The complaint alleges several violations arising out of two acts, the first being a 42 U.S.C. § 1983 claim arising from the April 7, 2003 removal of Plaintiff's son, Christopher, from their home and his custody by defendant Tiffany Salkeld, an employee of the Connecticut Department of Children and Families (DCF), the state's child protection agency, after a child abuse/neglect investigation. Plaintiff does not specify the date of return of his son, but the Court takes judicial notice of the state court record of its proceedings [Doc. No. 39], which indicates that Plaintiff's son returned to his custody on April 24, 2003. Plaintiff's second claim alleges that the administration of a

medication to Plaintiff's son without Plaintiff's consent constitutes a state law assault and battery.  Plaintiff alleges that the other defendants–Darlene Dunbar, the DCF Commissioner, and Gail Bakulski, Orlando Cuadrado, and James R. Moore, employees and/or agents of DCF–have "ratified, participated and furthered the illegal acts of Salkeld" by "handling the file, through supervision and direction of Ms. Salkeld's handling of the matter, authorization of the continued illegal detention of Christopher and otherwise."  (Compl. Section C. ¶ 1.)  There is no allegation of any direct or immediate involvement by any of these four defendants in either of the acts cited in the complaint.

## II.    STANDARD OF REVIEW

The function of a motion to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim is "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof."  Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 776 (2d Cir. 1984) (citation omitted).  Therefore, when considering such a motion, the court must accept the facts alleged in the complaint as true. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Courts should not grant a Rule 12(b)(6) motion to dismiss merely because recovery seems unlikely or remote, as "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (following the "accepted rule" that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

Rule 12(b) provides that if matters outside the pleading are presented to and not excluded

by the Court on a 12(b)(6) motion, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, so long as all parties are given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). No genuine issue of material fact exists and summary judgment is therefore appropriate when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587(1986). A material fact is one which "might affect the outcome of the suit under the governing law," and an issue is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, (1986). Importantly, however, "[c]onclusory allegations will not suffice to create a genuine issue." Delaware & H.R. Co. v.Conrail, 902 F.2d 174, 178 (2d Cir. 1990). In making this determination, the Court draws "all factual inferences in favor of the party against whom summary judgment is sought, viewing the factual assertions in materials such as affidavits, exhibits, and depositions in the light most favorable to the party opposing the motion." Rodriguez v. City of N.Y., 72 F.3d 1051, 1060 (2d Cir. 1995) (citations omitted). However, a party opposing summary judgment "may not rest upon the mere allegations or denials of the adverse party's pleading." FED. R. CIV. P. 56(e).

### III. DISCUSSION

**A. Claims against Defendants in their Individual Capacities**

The Complaint states that Plaintiff's claims are limited to Defendants in their individual

capacities. This is reason alone to dismiss all claims against Defendants Dunbar, Bakulski, Cuadrado, and Moore, none of whom was personally involved in the acts alleged in the Complaint. Liability under Section 1983 is imposed on state officials only for personal involvement in a constitutional violation. Gill v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987). Liability may not, however, be premised solely on the fact that an official has a high-ranking position in an organization, Colon v. Coughlin, 58 F3d 865, 874 (2d Cir. 1995), or plays a supervisory role. Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986). Respondeat Superior is also not a recognized basis for § 1983 liability. Monell v. New York City Dep't. of Social Servs., 436 U.S. 658, 692-94 (1978). Absent a claim of personal involvement on the part of Defendants Dunbar, Bakulski, Cuadrado or Moore in the removal of Christopher and the placement of him in the protection of DCF, all claims against them are dismissed.

Though the amended complaint is bereft of language clearly naming any Defendant in his or her official capacity, to clear the record the Court hereby dismisses any claim for damages against a Defendant other than in an individual capacity in deference to Connecticut's sovereign immunity. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89. 99-100 (1984). This immunity extends to state officials acting in their official capacity. Kentucky v. Graham, 473 U.S. 159 (1985).

### B. Claims on behalf of Plaintiff

Defendants move to dismiss all claims brought on behalf of Plaintiff and on behalf of Plaintiff's son Christopher for failure to state a claim upon which relief can be granted. For the following reasons, judgment is entered for Defendants on all of Plaintiff's claims.

Plaintiff's claim that he was denied due process is without merit. The Due Process Clause requires that when the government deprives an individual of a protected liberty interest, that

individual must be afforded adequate notice and a reasonable opportunity to be heard. Matthews v. Eldridge, 424 U.S. 319, 333 (1976). Plaintiff conclusorily asserts a lack of due process but cites no authority holding that Connecticut's child welfare provisions contravene his entitlement to due process. Connecticut statutes mandate the protection of children and require certain sources to report possible abuse or neglect, CONN. GEN. STAT. § 17a-101b(a), triggering DCF's involvement pursuant to the procedures laid out in the statutory scheme. A report of reasonably suspected abuse or neglect prompts an immediate investigation by DCF. § 17a-101d. DCF is authorized to hold a child in protective custody for 96 hours if there is an imminent risk of harm. § 17a-101g(c). To extend the period of protective custody beyond 96 hours, DCF must petition the Superior Court for Juvenile Matters for permission to do so. § 17a-101g(d); § 46b-129. To decide whether to issue an Order of Temporary Custody (OTC), the Superior Court schedules a hearing, § 17a-90(f), § 46b-129, of which notice to a parent is required and at which there is a right to be heard, §§ 46b-129(a), (b), 46b-135(b), 46b-136, a right to counsel, § 46b-146, and a right of appellate review. § 46b-142(b); § 52-263. In this case, DCF and the Superior Court followed all of the aforementioned procedures (see Doc. No. 39), and the Superior Court made a finding of abuse or neglect by Plaintiff as to which this Court does not function as an appeals court. Plaintiff's conclusory claim of illegality is thus unavailing, and his claimed denial of due process is dismissed.

Plaintiff's claims of invasion of his rights of privacy, preservation of family relations, of association and custody of his children (Amended Compl. § D, ¶¶ 2, 3, 6, 8) and his claim of loss of consortium recited in the request for relief and for which no Connecticut authority is cited, fail in the face of the statutory scheme discussed above, §§ 17a-101 et seq. Ms. Salkeld's actions followed the statutory procedures, from the initial response to a complaint of abuse of Christopher

at Plaintiff's hand to the 96-hour removal and the continued DCF custody following adjudication that Plaintiff was a perpetrator of abuse or neglect. (See Doc. No. 39.) Plaintiff has alleged no deviation on the part of Ms. Salkeld or DCF from the statutorily authorized proceedings. Plaintiff's claims asserted in Paragraphs 2, 3, 6, and 8 of Section D of the Amended Complaint fail in the face of that legal authorization and are therefore dismissed.

Plaintiff's claim of unlawful search, seizure, and confinement is equally unavailing. Plaintiff has alleged no search, seizure, nor confinement to which he was subjected. Ms. Salkeld's entry into his home would not violate the sanguine status of the home because its constitutional protection is not absolute. The Fourth Amendment only prohibits unreasonable searches and seizures. The Connecticut Superior Court adjudicated the statutory propriety of the removal and custody of Christopher and found it was compliant with and authorized by the law. (See Doc. No. 39.) The Superior Court also found that the situation reviewed by Ms. Salkeld warranted Christopher's continued custody by DCF. Plaintiff was given notice of the Superior Court proceedings and had the opportunity to contest DCF's asserted justification of its conduct. Defendants' conduct cannot thus be found, contrary to the adjudication of the Superior Court, to have been unreasonable. Accordingly, Plaintiff's claim of a violation of the rights to be free from unreasonable searches and seizures and from unlawful confinement (Amended Compl. § D ¶ 4) are without merit and are dismissed.

Plaintiff's claims of violations of his rights to freedom of religion, freedom of association, and freedom to travel are without merit because there is no allegation of any deprivation of such rights. Accordingly, Plaintiff's claims of violations of such rights (Amended Compl. § D ¶¶ 5-7) are dismissed.

Plaintiff also claims a violation of his parental rights. (Amended Compl. § D ¶ 8.) A parent has the right to the custody of one's child, and that right extends, as a matter of the child's care, custody and control, to the right to make all decisions reasonably related to the child's welfare and upbringing. Duchesne v. Sugarman, 566 F.2d 817, 825 (2d Cir. 1977). It is without question, however, that a parent's exercise of that breadth of rights does not extend to neglect or abuse. Accordingly, Connecticut's statutory scheme authorizing and requiring DCF to respond when a child may be subject to abuse or neglect is a reasonable means of protecting a child from injury or damage. The statutory scheme contains criteria for DCF to evaluate when responding to a report of abuse or neglect, and DCF's procedures for protective custody comply with the statutory scheme and protect the best interests of the child. See CONN. GEN. STAT. § 17a-101 et seq. Ms. Salkeld and DCF's removal of Christopher from his home, DCF's motion to the Superior Court for an OTC, and the Superior Court's finding of need to extend the period of protective custody were conducted in furtherance of and in compliance with §§ 17a-101 et seq. Plaintiff's claim of violation of his parental rights to Christopher is without merit and is therefore dismissed.

Given the dismissal of all of Plaintiff's federal claims, only Plaintiff's state law claims of assault and battery and false imprisonment of Christopher remain. Without federal claims, they are, at best, within the court's pendent jurisdiction, but without a compelling reason to do otherwise, the Court declines jurisdiction of them. In Re Merrill Lynch Ltd. Partnerships Litig., 154 F.3d 56, 61 (2d Cir. 1998). These claims are also without merit: there is no allegation of conduct that would constitute an assault and/or battery, i.e. an unlawful touching or threat thereof and/or imprisonment of plaintiff; and there is no basis for a false imprisonment claim given the statutory scheme and process given in the protective custody proceedings discussed above. For

these reasons the claims of an assault and battery and false imprisonment (Amended Compl. § D ¶ 10) are dismissed.

### C. Claims on behalf of Christopher

Plaintiff has also brought all of the aforementioned claims on Christopher's behalf, and they are also hereby dismissed in that capacity. In addition to the fact that a non-attorney parent cannot proceed pro se when bringing an action on behalf of his child, Cheung v. Youth Orchestra Found., Inc., 906 F.2d 59, 61 (2d Cir. 1990), the claims on behalf of Christopher fail to state a claim upon which relief can be granted.

Plaintiff's claims on behalf of Christopher with respect to due process, privacy, unreasonable searches and seizures, freedom of religion, freedom of association, and freedom to travel are subject to the same analysis as were the claims on Plaintiff's behalf discussed above. Accordingly, as asserted on behalf of Christopher, they are also dismissed.

The claims brought on Christopher's behalf based on a family relationship, freedom from unreasonable seizures and from unlawful confinement, the right to remain in the custody of and subject to decisions as to his welfare, care, custody and control of a parent, and freedom from false imprisonment relate to rights belonging to a child that are of a different posture than his parents'. Nonetheless, as discussed above, the rights thus claimed to have been violated are subject to the state's right to intervene and act to preserve and protect the child from abuse and neglect. Brown v. Town of East Haddam, 56 F. Supp. 212 (D. Conn.), aff'd, 213 F.3d 625 (2d. Cir. 2000); In Re Tayquon H, 76 Conn. App. 693, 821 A. 2d 796 (Conn. App. 2003). The statutory scheme discussed above and the review process provided constitute a lawful exercise of the state's authority permitting the necessary impingement on a child's rights. See §§ 17a-101 et seq. As therefore authorized, and indeed required of Ms. Salkeld and DCF, the conduct

complained of cannot be found to have violated Christopher's rights as alleged, and therefore those claims are dismissed.

Christopher's claims of false imprisonment and assault and battery are also dismissed. When DCF intervenes pursuant to § 17a-101 et seq., it does so in the capacity of parens patriae justified by society's interests in protection of the child from abuse or neglect. Id. A child is precluded in such a situation from claiming that continuation of his DCF custody constitutes false imprisonment. Further, the statute vests DCF with the prerogatives and responsibilities of a parent, discharge of which in the form of the complained of medical treatment would not fall within the definition of an assault or a battery any more than would a parent's decision to submit a child to medically appropriate treatment, a common and frequent decision made by parents in the best interest of the child. The medical propriety of the treatment given to Christopher is not questioned and will not be determined here. However, the alleged treatment was prescription medication, which would necessarily have been prescribed by a doctor and thus seemingly medically necessary, Plaintiff's claim to the contrary notwithstanding. The assault and battery claim on behalf of the child is without merit and is dismissed, as is the claim of false imprisonment.

With no federal claims on Christopher's behalf remaining, the Court declines to exercise pendent jurisdiction over Christopher's state law claims of assault and battery and false imprisonment. Because all of the claims asserted on behalf of Christopher are dismissed for failure to state a claim, it is unnecessary to decide whether Plaintiff is not a proper person to act in Christopher's behalf due to a conflict of interest from his being a purported, and adjudicated by the Superior Court, perpetrator of abuse or neglect against Christopher.

    **D.**    **Qualified Immunity**

Even if Plaintiff's claims could survive a 12(b)(6) motion, judgment would be entered in favor of Defendant Salkeld because she is entitled to qualified immunity. State officials are entitled to qualified immunity if their conduct does not violate "clearly established rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982). The question is whether "it would be clear to a reasonable officer that his conduct was unlawful." Saucier v. Katz, 533 U.S. 194, 202 (2001). See also Hope v. Pelzer, 536 U.S. 730, 740 (2002). In matters of child protection from abuse and neglect, the Court affords a degree of deference to the conduct of state agents invoking the statutory scheme created to afford and insure such protection. Carroll v. Ragaglia, 109 Fed. Appx. 459, 461 (2d Cir. 2004) (quoting Wilkinson ex. rel. Wlkinson v. Russell, 182 F.3d 89, 104-05 (2d Cir. 1999)). "An investigation passes constitutional muster provided simply that case workers have a 'reasonable basis' for their findings of abuse." Id. at 261 (quoting Wilkinson, 182 F.3d at 104). The propriety of Salkeld's reliance on Connecticut's scheme to afford children protection from abuse or neglect, § 17a-101 et seq., has long been established, and no contrary facts are pled. Given the Superior Court's determination that DCF should have custody of Christopher for more than the standard 96-hour period after a review of the situation, the Court can conclude that Salkeld had a reasonable basis for making her finding of abuse. Accordingly, Salkeld and other DCF personnel are entitled to qualified immunity.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [Doc. No. 42] is **granted.** All claims brought by Plaintiff Francis E. Sweeney, III, on behalf of himself and on behalf of his son Christopher, are hereby dismissed, and judgment is entered in favor of Defendants on all counts. The Clerk shall close the file.

SO ORDERED:

Dated at New Haven, Connecticut this  16th  day of March, 2007.

                                                  /s/
                                      PETER C. DORSEY
                                      UNITED STATES DISTRICT JUDGE